**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: <br> 100 WEST STREET, LLC, <br> Debtor. <br> GRACE S. WONG, <br> Appellant, <br> v. <br> KEARNY FEDERAL SAVINGS BANK, <br> Appellee. | Civil Action No.: 17-cv-01898 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

### I.  INTRODUCTION

Appellant Grace S. Wong ("Appellant"), who is proceeding *pro se*, appeals from the March 8, 2017 revised order (ECF No. 1-1) of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") vacating an automatic stay. The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons set forth below, the appeal is dismissed as moot.

### II.  BACKGROUND

Appellee Kearney Federal Savings Bank ("Appellee") "is the holder of a note ("Note") secured by a mortgage . . . on property owned by Debtor [100 West Street, LLC ("Debtor")] located at 100 West Street, Hillsdale, New Jersey" ("100 West Street"). (ECF No. 10 at 2). "On November 8, 2012, [Appellee] filed a foreclosure complaint against Debtor" for failing to make "the monthly payments of principal and interest since, at least, May 1, 2012, and [for] otherwise be[ing] in default under its obligations under the Note" (the "Foreclosure Action"). (*Id.* at 3-4).

1

"On November 4, 2013, a Chapter 7 Involuntary Petition was filed against Debtor by Appellant," which was granted. (ECF No. 8 at 2; *see also* ECF No. 10 at 6). In recognition of the fact that the Chapter 7 Involuntary Petition automatically stayed the Foreclosure Action, Appellee "ceased its Foreclosure Action." (ECF No. 10 at 6). Nonetheless, "[o]n October 30, 2014, a Notice of Abandonment of [100 West Street] was filed by the Bankruptcy Trustee" (the "Notice of Abandonment") and "[o]n November 14, 2014, the Bankruptcy Trustee filed a Certificate of No Objection to the Abandonment of [100 West Street]" (the "Certificate of No Objection"). (*Id.*). Appellant did not file an objection to the Notice of Abandonment within the proscribed time frame, resulting in the Certificate of No Objection being filed. (*Id.* at 6-7).

Having believed that the uncontested Notice of Abandonment and resulting Certificate of No Objection lifted the automatic stay of the Foreclosure Action, Appellee "resumed its State Court Foreclosure Proceeding in the state court[.]" (*Id.* at 7). "On June 15, 2015[, Appellee] served a Notice of Motion for Final Judgment of Foreclosure and on July 17, 2015, [Appellee] filed an Application for Final Judgment[.]" (ECF No. 8 at 2; *see also* ECF No. 10 at 7-8). "A Final Judgment in Foreclosure was entered on September 18, 2015" (the "Final Judgment"). (ECF No. 8 at 2; *see also* ECF No. 10 at 8). "On August 25, 2015, the Bankruptcy Trustee filed a Report of No Distribution wherein it was confirmed that [100 West Street] was abandoned." (ECF No. 10 at 6; *see also* ECF No. 8 at 2). On October 8, 2015, Appellant filed a motion to stay the abandonment of 100 West Street, which was denied on November 5, 2015. (ECF No. 10 at 7; *see also* ECF No. 8 at 2).

"On January 11, 2016, [Appellant] filed an appeal . . . of the Final Judgment in Foreclosure." (ECF No. 10 at 8; *see also* ECF No. 8 at 2). On October 19, 2016, on consent of the parties, the Appellate Division entered an order vacating the Final Judgment. (ECF No. 10 at

2

9; *see also* ECF No. 8 at 2-3). The Appellate Division also vacated the order that had: (1) granted summary judgment in favor of Appellee in the Foreclosure Action; (2) barred and foreclosed Appellant's interest in 100 West Street; (3) struck Appellant's answer; and (4) rendered the Foreclosure Action non-contested. (ECF No. 10 at 9; *see also* ECF No. 8 at 2-3). Moreover, the Appellate Division reactivated Appellee's foreclosure complaint, reinstated Appellant's contested answer, and dismissed Appellant's appeal as moot. (ECF No. 10 at 9; *see also* ECF No. 8 at 2-3).

Thereafter, on December 22, 2016, Appellee filed a "Motion for Retroactive Annulment of the Automatic Stay," which asked the Bankruptcy Court to retroactively vacate the automatic stay preventing the Foreclosure Action from proceeding as of the date of the filing of the Certificate of No Objection. (ECF No. 10 at 10; *see also* ECF No. 8 at 3). "On January 30, 2017, the Bankruptcy Court granted [Appellee]'s Motion and entered its Order Retroactively Annulling the Automatic Stay." (ECF No. 10 at 11). "On February 14, 2017, [Appellant] filed a Motion for Reconsideration," and "[o]n February 16, 2017, [Appellee] filed . . . a Cross-Motion to correct a clerical mistake."[1] (*Id.*). "On March 7, 2017, the Bankruptcy Court denied [Appellant]'s Motion for Reconsideration and granted [Appellee]'s Cross-Motion." (*Id.*). "On March 8, 2017, the Bankruptcy Court entered the revised Order Retroactively Annulling the Automatic Stay." (*Id.* at 12; *see also* ECF No. 8 at 4).

On March 22, 2017, Appellant filed a notice of appeal with this Court. (ECF No. 1). Having failed to file a brief in support of her appeal within the time frame established by the Federal Rules of Bankruptcy Procedure, the Court granted Appellant thirty days from October 12, 2017 to file such brief. (ECF No. 5). On November 14, 2017 and November 20, 2017, Appellant

---

[1] "The Order Vacating the Automatic Stay dated January 31, 2017 entered the incorrect Case number." (ECF No. 8 at 3; *see also* ECF No. 10 at 11).

3

filed a brief and a corrected brief with this Court, (ECF Nos. 6; 8), which, in light of Appellant's *pro se* status, the Court considered timely. (ECF No. 9). On December 22, 2017, Appellee filed its brief in opposition. (ECF No. 10). Appellant did not file a reply brief.

### III. LEGAL STANDARD

United States district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a). A district court conducts a plenary review of the bankruptcy court's conclusions of law and may only set aside the bankruptcy court's findings of fact if they are clearly erroneous. *See In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999). Review of facts under the "clearly erroneous" standard is "significantly deferential and requires a 'definite and firm conviction that a mistake has been committed.'" *Sheehan v. Dobin*, No. 10-5054, 2011 WL 1627051, at *2 (D.N.J. Apr. 28, 2011) (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993)). "The fact that a reviewing court could have decided the matter differently does not render a finding of fact clearly erroneous." *First Western SBLC, Inc. v. Mac-Tav, Inc.*, 231 B.R. 878, 881 (D.N.J. 1999) (citing Fed. R. Bankr. P. 8013; *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)). Where there are mixed questions of law and fact, the Court must break them down and apply the appropriate standard to each component. *See Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

### IV. DISCUSSION

Appellant's primary contention in this matter is that the Bankruptcy Court erred in entering its Revised Order Retroactively Annulling the Automatic Stay because "A Bankruptcy Court must not annul an Automatic Stay, retroactively where . . . there is a Stay Violation." (ECF No. 8 at 7). Appellant avers that Appellee "willfully violated the automatic stay when on June 15, 2015, months before [100 West Street] was ever abandoned, [Appellee] served a Notice of Motion for

4

Final Judgment of Foreclosure and on July 17, 2015, [Appellee] filed an Application for Final Judgment [resulting in] a 'Final Judgment in Foreclosure' [being] entered on September 18, 2015[.]" (*Id.* at 6-7). According to Appellant, "[a]t the material time, the bankruptcy stay had not been lifted and the litigation could not have proceeded in the State Court. The 'Final Judgment in Foreclosure' was void, *ab initio*."[2] (*Id.* at 7).

"In bankruptcy proceedings, any 'property of the estate' is protected by an automatic stay, denying creditors the ability to repossess assets or launch any legal action against the property outside of the bankruptcy proceeding." *Naimo v. US Bank for Asset Backed Sec. Corp. Home Equity Loan Tr.*, No. 16-7089, 2017 WL 3448109, at *3 (D.N.J. Aug. 11, 2017) (citations omitted). "The stay 'continues until such property is no longer property of the estate.'" *Id.* (quoting 11 U.S.C. § 362(c)(1)).

When, on November 4, 2013, Appellant filed a Chapter 7 Involuntary Petition against Debtor, (ECF No. 8 at 2; *see also* ECF No. 10 at 6), an automatic stay took effect preventing all actions from proceeding against the Bankruptcy Estate's property, which included 100 West Street. Nonetheless, on October 30, 2014, the Bankruptcy Trustee filed a Notice of Abandonment regarding 100 West Street. (ECF No. 10 at 6). A Notice of Abandonment "enables a trustee to 'abandon'—release or remove from the estate—property 'that is burdensome to the estate or that is of inconsequential value and benefit to the estate.'" *Naimo*, 2017 WL 3448109, at *3 (quoting 11 U.S.C. § 554(a)). Upon service of a Notice of Abandonment, "[a] party in interest may file and

---

[2] The Court recognizes that the Appellate Division vacated the Final Judgment on October 19, 2016. (ECF No. 10 at 9; *see also* ECF No. 8 at 2-3). Nonetheless, the Court will consider Appellant's arguments with respect to whether Appellee violated the automatic stay in seeking and applying for the Final Judgment before it was vacated. The Court notes, however, that nothing in this Opinion shall be construed as reinstating the Final Judgment. There appears to be no dispute between the parties that the Final Judgment has been vacated and that the Foreclosure Action should resume in state court.

5

serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court." *Id.* (quoting Fed. R. Bankr. P. 6007).

Here, Appellant did not object to the Notice of Abandonment within the obligatory time frame (i.e., by November 13, 2014). (ECF No. 10 at 6-7). As such, the Bankruptcy Trustee filed a Certificate of No Objection on November 14, 2014. (*Id.* at 6). The abandonment therefore became effective on November 14, 2014. *See Naimo*, 2017 WL 3448109, at *3 (finding that where appellants failed to object to the Notice of Abandonment within the required period, and the Certificate of No Objection was filed after such period had passed, the abandonment went into effect on the date on which the Certificate of No Objection was filed). 100 West Street was therefore not a part of the Bankruptcy Estate, and thus not subject to the automatic stay, when the Bankruptcy Court entered its Revised Order Retroactively Annulling the Automatic Stay on March 8, 2017.[3] *See id.* at *4 ("[W]hen the Property passed out of the . . . bankruptcy estate it also was removed from the coverage of the automatic stay."). Accordingly, the Bankruptcy Court did not need to validate that Appellee did not violate the automatic stay in its March 8, 2017 revised order, as no automatic stay was in effect. *See id.* ("The *subsequent* Order of the Bankruptcy Court did no more than acknowledge the fact that the Property was already outside the coverage of the automatic stay; it was without legal effect."); *see also* ECF No. 1-1 at 2.

In sum, "Appellant['s] own failure to object to the . . . Notice of . . . Abandonment and [resulting] Certificate of No Objection, allowing the abandonment of [100 West Street] to move forward, and not the Bankruptcy Court's Order, was the cause of the automatic stay no longer

---

[3] The Court also notes that in accordance with the above, 100 West Street was not part of the Bankruptcy Estate, and thus not subject to the automatic stay, when the Bankruptcy Trustee filed a Report of No Distribution confirming that 100 West Street was abandoned, when Appellant filed her motion to stay the abandonment, when her motion to stay the abandonment was denied, or when the Bankruptcy Court issued its original order retroactively annulling the automatic stay.

6

applying to [100 West Street]." *Naimo*, 2017 WL 3448109, at *4. "An order of this Court reversing the Bankruptcy Court's grant of relief from the stay would not, therefore, alter the inapplicability of the stay to [100 West Street]." *Id.* (citing *In re Biggs*, 271 F. App'x 286, 288 (3d Cir. 2008)). As such, because the November 14, 2014 abandonment of 100 West Street "has 'forestalled any occasion for meaningful relief' on the present appeal of the Bankruptcy Court's order" vacating the automatic stay, "the Court lacks jurisdiction over Appellant['s] claims, and the appeal is dismissed as moot."[4] *Id.* (quoting *Am. Bird Conservancy v. Kempthorne*, 559 F.3d 184, 188 (3d Cir. 2009)).

## V.    CONCLUSION

For the foregoing reasons, the appeal is dismissed as moot. An appropriate Order accompanies this Opinion.

DATED: September 28, 2018

**CLAIRE C. CECCHI, U.S.D.J.**

---

[4] As the Court has found that the November 14, 2014 abandonment, not the Bankruptcy Court's March 8, 2017 revised order, lifted the automatic stay against 100 West Street, the Court need not consider Appellant's arguments with respect to why "[t]he circumstances w[h]ere a stay may be retroactively annulled are not present here." (ECF No. 8 at 7; *see also id.* at 7-8).

Moreover, to the extent Appellant may contend "that the abandonment only lift[ed] the automatic stay as to the estate's interest," (ECF No. 10 at 16), "[t]he Third Circuit held that '[w]hen [an] abandonment bec[o]me[s] effective, the real property [i]s no longer property of the bankruptcy estate," and "[a]ccordingly, the automatic stay d[oes] not apply to actions affecting the . . . property." *Naimo*, 2017 WL 3448109, at *3 (emphasis added) (quoting *Fields v. Bleiman*, 267 F. App'x 144, 146 (3d Cir. 2008)). Here, regardless of whose interests were at issue, the automatic stay did not apply to the Foreclosure Action because it affected 100 West Street. Accordingly, Appellee did not violate the automatic stay. *See Fields*, 267 F. App'x at 146 ("When the abandonment became effective, the real property was no longer property of the bankruptcy estate. Accordingly, the automatic stay did not apply to actions affecting the . . . property. Therefore, [Appellant]'s creditor, who initiated foreclosure proceedings after the property was abandoned, did not violate the automatic stay.").

7